UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

IN RE:

700 TRUST,   CASE NO.: 24-10230-KKS
   CHAPTER: 11

    Debtor.
_____/

**INTERIM ORDER GRANTING, IN PART, *INTERESTED PARTIES' EXIGENT MOTION TO CONFIRM AUTOMATIC STAY DOES NOT APPLY TO CERTAIN PENDING MATTERS, TO DISMISS THIS CASE FOR VIOLATING EXISTING FILING INJUNCTIONS, AND FOR SANCTIONS AGAINST THE BENEFICIARIES OF THE DEBTOR AND COUNSEL* (ECF No. 53) and
PROVIDING NOTICE TO CERTAIN COURTS AND CLERKS**

THIS CASE came before the Court for hearing on Wednesday, December 18, 2024, on *Interested Parties' Exigent Motion to Confirm Automatic Stay Does Not Apply to Certain Pending Matters, to Dismiss This Case for Violating Existing Filing Injunctions, and for Sanctions Against the Beneficiaries of the Debtor and Counsel* ("Motion," ECF No. 53), filed on behalf of Interested Parties, NAPLES PROPERTY HOLDING COMPANY, LLC; NAPLES BEACH CLUB LAND TRUSTS TRUSTEE, LLC, as Trustee; NAPLES BEACH CLUB PHASE II AND III LAND TRUST TRUSTEE, LLC, as Trustee; NBC CLUB OWNER,

LLC ("NBC Entities"); and TIDES NOTE ON NOTE LENDER I, LLC ("Buyer"). Present at the hearing were Drew M. Dillworth and Glenn Burhans, Jr., counsel to the NBC Entities and Buyer, Michael Alan Gort, counsel to Debtor, and Gregory B. Myers, representative and co-Trustee of Debtor, 700 Trust.

Debtor filed no written response to the Motion. Debtor argued its opposition to the Motion at the hearing. The Court enters this Interim Order to make public its ruling at the hearing. The Court will enter a final order containing its ruling in more detail in short order.

The Motion, as filed, sought three (3) types of relief: a ruling that the automatic stay does not apply, dismissal of the case, and sanctions for filing the instant case. At the beginning of the hearing, the Court granted, in part, Debtor's motion to strike the Motion.[1] The Court then proceeded to consider and rule on only that portion of the Motion seeking an order that the automatic stay does not apply to the NBC Entities, the Buyer, the "Naples property" and the "Naples Litigation."

As announced in open court at the hearing, and as will be set forth

---

[1] *Debtor's Motion to Strike Interested Parties' Exigent Motion to Confirm Automatic Stay does not Apply to Certain Pending Matters, to Dismiss this Case for Violating Existing Filing Injunctions, and for Sanctions against the Beneficiaries of the Debtor and Counsel*, ECF No. 64.

in further detail in a final order, it is:

ORDERED:

1. The Motion (ECF No. 53) is GRANTED, in part, as set forth below.

2. This Court gives full faith and credit to the prospective stay relief and equitable servitude imposed by the U.S. Bankruptcy Court for the District of Maryland: *In re Kelly*, 656 B.R. 541, 611 (Bankr. D. Md. 2023).

3. The automatic stay imposed by 11 U.S.C. § 362(a) upon the filing of the Petition in the instant case DOES NOT APPLY to the Naples property (700 Gulf Shore Boulevard North, Naples, Florida), or the Naples Litigation (pending litigation in state and federal courts arising from and related to the Naples property).[2]

4. "The equitable servitude means that Ms. Kelly and any individuals and/or entities with an interest in any of the Kelly Properties [including 700 Trust] will be precluded from taking advantage of the automatic stay of Section 362(a) in any bankruptcy case filed between now and four years after the order

---

[2] As those terms are defined in the Motion and in *In re Kelly*, 656 B.R. 541, 611 (Bankr. D. Md. 2023).

imposing the equitable servitude becomes final and nonappealable."[3]

5. <u>**NOTICE TO JUDGES AND CLERKS OF COURT: THE AUTOMATIC STAY OF 11 U.S.C. § 362(a) DOES NOT APPLY WITH REGARD TO THE BELOW-LISTED ACTIONS:**</u>

   a. *Myers v. Naples Golf and Beach Club*, No. 1:24-cv-03127 (D.C. Cir. 2024);

   b. *U.S. Bank Nat'l Assoc. v. Kelly et al.*, No. 11-02009-CA-010813 (Fla. 20th Cir. Ct. 2009);

   c. *U.S. Bank Nat'l Assoc. v. Kelly*, No. 8:24-cv-03082-PC (D. Md. 2024);

   d. *U.S. Bank Nat'l Assoc. v. Kelly*, No. 2:24-cv-01086 (M.D. Fla. 2024); and

   e. *Myers v. U.S. Bank Nat'l Assoc. and Deluca Law* Group, No. 2:24-cv-00370-JES-KCD (M.D. Fla. 2024).

6. The Court reserves jurisdiction over this case and the Motion and will issue a full and final ruling on the Motion in the near future.

DONE and ORDERED on December 20, 2024.

KAREN K. SPECIE
Chief U.S. Bankruptcy Judge

cc: Attorney Drew M. Dillworth is directed to serve a copy of this Order on interested parties and file a certificate of service within 3 business days of entry of the Order.

---

[3] *Id.* at 610.