UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

IN RE:

700 TRUST,                                           CASE NO.: 24-10230-KKS
                                                     CHAPTER: 11
　　　Debtor.
_____/

### MEMORANDUM OPINION AND FINAL ORDER GRANTING, IN PART, *INTERESTED PARTIES' EXIGENT MOTION TO CONFIRM AUTOMATIC STAY DOES NOT APPLY TO CERTAIN PENDING MATTERS, TO DISMISS THIS CASE FOR VIOLATING EXISTING FILING INJUNCTIONS, AND FOR SANCTIONS AGAINST THE BENEFICIARIES OF THE DEBTOR AND COUNSEL* (ECF No. 53) and PROVIDING NOTICE TO CERTAIN COURTS AND CLERKS

THIS CASE came before the Court for hearing on Wednesday, December 18, 2024, on *Interested Parties' Exigent Motion to Confirm Automatic Stay Does Not Apply to Certain Pending Matters, to Dismiss This Case for Violating Existing Filing Injunctions, and for Sanctions Against the Beneficiaries of the Debtor and Counsel* ("Motion," ECF No. 53), filed on behalf of Interested Parties, NAPLES PROPERTY HOLDING COMPANY, LLC; NAPLES BEACH CLUB LAND TRUSTS TRUSTEE, LLC, as Trustee; NAPLES BEACH CLUB PHASE II AND III LAND TRUST TRUSTEE, LLC, as Trustee; NBC CLUB OWNER, LLC ("NBC Entities"); and TIDES NOTE ON NOTE LENDER I, LLC ("Buyer"). Present

at the hearing were Drew M. Dillworth and Glenn Burhans, Jr., counsel to the NBC Entities and Buyer, Michael Alan Gort, counsel to Debtor, and Gregory B. Myers, representative and co-Trustee of Debtor, 700 Trust.

Debtor filed no written response to the Motion. Debtor argued its opposition to the Motion at the hearing. The Court enters this Final Order to supplement the Court's Interim Order.[1]

The Motion, as filed, sought three (3) types of relief: a ruling that the automatic stay does not apply, dismissal of the case, and sanctions for filing the instant case. At the beginning of the hearing, the Court granted, in part, Debtor's motion to strike the Motion.[2] The Court then proceeded to consider and rule on only that portion of the Motion seeking an order that the automatic stay does not apply to the NBC Entities, the Buyer, the "Naples property" and the "Naples Litigation." For the reasons set forth herein, and as announced in open court at the hearing, the Motion is due to be granted, in part, as set forth below.

---

[1] *Interim Order Granting, in Part, Interested Parties' Exigent Motion to Confirm Automatic Stay Does Not Apply to Certain Pending Matters, to Dismiss This Case for Violating Existing Filing Injunctions, and for Sanctions Against the Beneficiaries of The Debtor and Counsel (ECF No. 53) and Providing Notice to Certain Courts and Clerks*, ECF No. 80 ("Interim Order").

[22] *Debtor's Motoin [sic] to Strike Interested Parties' Exigent Motion to Confirm Automatic Stay does not Apply to Certain Pending Matters, to Dismiss this Case for Violating Existing Filing Injunctions, and for Sanctions against the Beneficiaries of the Debtor and Counsel*, ECF No. 64 ("Motion to Strike").

## Introduction.

The filing of this case is yet another thread in the sprawling tapestry of bad faith abuse of the bankruptcy process by the principals of 700 Trust, Gregory Brian Myers ("Mr. Myers") and Barbara Ann Kelly ("Ms. Kelly"), and to a certain degree Debtor's counsel, to avoid adverse consequences of a myriad of legal actions spanning over a decade. Mr. Myers and Ms. Kelly have a long and well-documented history of abusing the Bankruptcy Code, the bankruptcy system, and other federal and state courts.

The NBC Entities and Buyer implore this Court to enforce, and require Mr. Myers, Ms. Kelly, and their counsel to abide by the injunction and equitable servitude imposed by the United States Bankruptcy Court for the District of Maryland ("Maryland Bankruptcy Court"). That relief is due to be granted. This Court must give full faith and credit to the rulings of the Maryland Bankruptcy Court. Further, this Court does not intend to permit Mr. Myers' and Ms. Kelly's and their cohorts' abuse of the bankruptcy process to continue. Certainly not here.

## History.

In December of 2023, on motions by the NBC Entities and others filed in Ms. Kelly's most recent bankruptcy case, Bankruptcy Judge

Maria Ellena Chavez-Ruark entered stay relief orders that granted prospective relief from the automatic stay and imposed an equitable servitude on assets in which Ms. Kelly claimed ownership and that have been embroiled in extensive litigation for over ten (10) years.[3] Judge Chavez-Ruark supported the stay relief orders by issuing a 101-page Memorandum Opinion that sets forth in painstaking detail many of the bankruptcy cases, civil actions, removals and appeals that comprise Mr. Myers' and Ms. Kelly's continuing attacks on creditors, parties in interest, and indeed the judicial system itself.[4] Tellingly, Judge Chavez-Ruark's Memorandum Opinion begins and concludes thusly:

> Ms. Kelly and Mr. Myers have exploited and subverted the bankruptcy process for over eight years. It is the intention of this Court that they be precluded from doing so any longer.
> . . . .
> As set forth in detail below, extraordinary relief is not only warranted but also necessary to prevent (or, at least, curtail) further prejudice to creditors and parties in interest. For eight years, Ms. Kelly and Mr. Myers have exploited, manipulated, and abused the bankruptcy process to hinder and delay creditors from enforcing their security interests or otherwise pursuing their claims all while forcing those same creditors to

---

[3] *See Order Granting Relief from the Automatic Stay, Granting Prospective Relief for Four Years After This Order Becomes Final and Nonappealable, and Directing NBC Entities to Record Order in Land Records*, *In re Kelly*, Case No. 23-12700-MCR (Bankr. D. Md. Dec. 11, 2023), ECF No. 107; *Order Granting Relief from the Automatic Stay, Granting Prospective Relief for Four Years After This Order Becomes Final and Nonappealable, and Directing U.S. Bank to Record Order in Land Records*, *In re Kelly*, Case No. 23-12700-MCR (Bankr. D. Md. Dec. 11, 2023), ECF No. 108.

[4] *In re Kelly*, 656 B.R. 541 (Bankr. D. Md. 2023).

incur substantial legal fees to protect their interests in various state and federal courts. Ms. Kelly's and Mr. Myers' pattern of filing bankruptcy cases, lawsuits, and appeals and subsequently abandoning those actions by either dismissing them or failing to meet filing requirements forces creditors to incur even more costs. Ms. Kelly and Mr. Myers have demonstrated a masterful ability to subvert and pervert the bankruptcy and litigation processes and, until now, have enjoyed great success at abusing, harassing, and harming innocent creditors and parties in interest. The relief being granted by the Court is long overdue. For the reasons set forth herein, the Court will . . . impose prospective relief designed to protect creditors and other parties in interest from further bad faith conduct by Ms. Kelly and, to the extent possible, by Mr. Myers.

. . . .

Because of the extreme bad faith exhibited by Ms. Kelly . . . the NBC Entities and U.S. Bank have been precluded from enforcing their rights for far too long . . . .

The Court takes no pleasure in imposing such extraordinary relief, but it is the duty of this Court to prevent further abuse of the bankruptcy process by Ms. Kelly. The Court determines that the relief granted is necessary and appropriate under the unique facts of this case to protect the integrity of the Court and the bankruptcy process.[5]

### The instant case.

The Voluntary Chapter 11 Petition commencing this case is signed by Mr. Myers, as Trustee of Debtor, 700 Trust.[6] Mr. Myers signed the

---

[5] *Id.*, at pp. 548–50, 610–11.

[6] *Voluntary Petition for Non-Individuals Filing for Bankruptcy*, ECF No. 1 ("Petition"). The Court uses the term "Debtor" in this ruling for simplicity. By doing so, the Court makes no determination as to whether 700 Trust qualifies as a debtor eligible to file a Chapter 11 petition.

5

Schedules and Statement of Financial Affairs filed on behalf of 700 Trust.[7] The Motion alleges that 700 Trust was formed the same day that it filed the Petition commencing the instant case. One of the assets 700 Trust claims to own is a residence at 700 Gulf Shore Blvd. North, Naples, Florida (the "Naples property").[8] The Naples property was sold to the Buyer by the Clerk of Court for the Circuit Court of Collier County, Florida, at a foreclosure sale on October 24, 2024.[9] Apparently this is where Mr. Myers and Ms. Kelly still reside.[10] It is undisputed that Mr. Myers and Ms. Kelly executed and delivered a Quitclaim Deed for the Naples property to 700 Trust the day they, or Mr. Myers, caused 700 Trust to file the Petition commencing this case.[11] 700 Trust lists Mr. Myers and Ms. Kelly as its Trustees.[12] In the Quitclaim Deed purporting to transfer the Naples property to 700 Trust, Mr. Myers and Ms. Kelly reserved for themselves a life estate.[13]

---

[7] ECF Nos. 33, 34, 50, 60, 63, 77.
[8] ECF No. 63, p. 6.
[9] Motion, ECF No. 53-5, Ex. E.
[10] ECF No. 63, p. 31.
[11] Motion, ECF No. 53-6, Ex. F, p. 2. *See also Motion for Transfer of Venue to the United States District Court for the Northern District of Florida to be Automatically Referred to the United States Bankruptcy Court for the Northern District of Florida, US Bank Nat'l Ass'n v. Kelly,* Case No. 2:24-cv-01086-JES-KCD (M.D. Fla. Dec. 13, 2024), ECF No. 23.
[12] Motion, ECF No. 53-6, Ex. F, p. 2; *see also* ECF No. 63, p. 31.
[13] Motion, ECF No. 53-6, Ex. F, p. 2 ("The subject Property is and will remain the Grantor's permanent residence and homestead within the meaning set forth in the Constitution of the state of Florida, and the Grantor hereby reserves to Grantor a present possessory interest for

As alleged in the Motion, detailed at length in Judge Chavez-Rourk's Memorandum Opinion, and recounted by Middle District of Florida Chief Bankruptcy Judge Caryl Delano in a ruling almost two (2) years ago,[14] Mr. Myers and his wife, Ms. Kelly, have been parties to a host of actions in state and federal courts since at least 2009.[15] Between them they have filed nine (9) bankruptcy cases, excluding the instant case for 700 Trust, myriad appeals, and numerous civil actions, most in a continuing effort to forestall foreclosures on various properties, including the Naples property. They have removed, or attempted to remove, cases from one court to another on numerous occasions.[16]

In January of 2023 the Bankruptcy Court for the Middle District of Florida barred Mr. Myers from filing another bankruptcy case for two (2)

---

life, with the right to continue to reside upon and occupy the Property as Grantor's permanent residence and homestead during Grantor's lifetime, with full and exclusive possession, use and enjoyment of the Property . . . ."). The Court takes judicial notice of the recorded Quitclaim Deed. *See* Fed. R. Evid. 201(c)(1); Fed. R. Evid. 803(8)(B).

[14] *In re Myers*, Case No. 2:21-bk-00123-FMD, 2023 WL 350183 (Bankr. M.D. Fla. Jan. 20, 2023).

[15] *See, e.g., Notice of Appearance of Counsel*, ECF No. 53-8, Ex. H.

[16] Their most recent removal occurred just last month: on November 25, 2024, Mr. Myers (through counsel to 700 Trust) filed a Notice of Removal of the Collier County, Florida, Naples property foreclosure action to the District Court for the Middle District of Florida. *Notice of Removal, US Bank Nat'l Ass'n v. Kelly,* Case No. 2:24-cv-01086-JES-KCD (M.D. Fla. Nov. 25, 2024), ECF No. 1. Mr. Myers then, on December 13, 2024, filed a motion to transfer the removed action to this Court. *See Motion for Transfer of Venue to the United States District Court for the Northern District of Florida to be Automatically Referred to the United States Bankruptcy Court for the Northern District of Florida, US Bank Nat'l Ass'n v. Kelly,* Case No. 2:24-cv-01086-JES-KCD (M.D. Fla. Dec. 13, 2024), ECF No. 23.

7

years.[17] In December of 2023 the Maryland Bankruptcy Court barred Ms. Kelly from filing another bankruptcy case for over four (4) years.[18] The District Court for the Middle District of Florida and the Circuit Court for Collier County have barred Mr. Myers and Ms. Kelly from filing additional pleadings without an attorney licensed to practice in Florida.[19]

The instant case is a thinly disguised attempt to continue several years' worth of bad faith litigation under cover of a "business trust" formed, apparently, for the sole and exclusive purpose of continuing Mr. Myers' and Ms. Kelly's bad faith legal actions. This must stop.

## The Naples property does not constitute § 541 property of the estate, so is not subject to the automatic stay.

With respect to real property, the automatic stay only applies to property of the debtor or debtor's bankruptcy estate.[20] 700 Trust claims to hold title to the Naples property on account of a Quitclaim Deed executed and delivered by Mr. Myers and Ms. Kelly about three (3) weeks

---

[17] *Supplemental Order Denying Confirmation and Dismissing Case with Prejudice and Notice to State Court Judges and Clerks*, *In re Myers*, Case No. 2:21-bk-00123-FMD (Bankr. M.D. Fla. Feb. 1, 2023), ECF No. 380 (that bar expires on or about January 19, 2025).

[18] *In re Kelly*, 656 B.R. 541, 611 (Bankr. D. Md. 2023) (the bar issued by the Maryland Bankruptcy Court runs for four (4) years from the date the bar order becomes final and non-appealable). Ms. Kelly appealed the rulings by the Maryland Bankruptcy Court but did not seek or obtain a stay of those rulings. *See* Fed. R. Bankr. P. 8007.

[19] *Defendants' Time-Sensitive Motion to Strike Improper Suggestion of Bankruptcy and Dissolve Stay*, *Myers v. Naples Golf and Beach Club, Inc.*, No.: 1:24-cv-03127-ACR (D.D.C. Nov. 19, 2024), ECF No. 3, p. 2, n. 1.

[20] 11 U.S.C. § 362(a)(2)–(5).

8

after the Naples property was sold at foreclosure. The Naples property is not property of the Debtor, 700 Trust, or its bankruptcy estate.

The Court takes judicial notice of the Certificate of Sale for the Naples property, issued by the Clerk of Circuit Court, in and for Collier County, Florida, on October 29, 2024.[21] Florida law is clear that once a court has issued a certificate of sale as a result of a foreclosure sale, a debtor that subsequently files bankruptcy does not have any interest in the property sold and that property is not property of the bankruptcy estate.[22] Under Florida law, Mr. Myers and Ms. Kelly had no remaining title to or interest in the Naples property to convey to 700 Trust after the issuance of the Certificate of Sale. Mr. Myers and Ms. Kelly objected to the sale of the Naples property more than ten (10) days after the Certificate of Sale was filed, which is too late under the applicable Florida statute.[23] Even had Mr. Myers and Ms. Kelly filed a timely objection to the foreclosure sale of the Naples property, that objection would not serve

---

[21] *See* Fed. R. Evid. 201(b)(2); Fed. R. Evid. 803(8)(B).
[22] *See, e.g., In re Balterman*, Case No. 9:12-bk-17750-FMD, 2012 WL 6204858, at *3 (Bankr. M.D. Fla. Dec. 13, 2012) ("In Florida, the property owner has the right to redeem property at any time before the later of the filing of a certificate of sale or the time stated in the judgment 'by paying the amount of moneys specified in the judgment, order, or decree of foreclosure.'" (citing Fla. Stat. § 45.0315 (2011))).
[23] *Certificate of Sale*, *US Bank Nat'l Ass'n v. Kelly,* Case No. 2009-CA-010813 (Fla. 20th Cir. Ct. Oct. 25, 2024), Doc. No. 1213; Fla. Stat. § 45.031(5) (2024).

9

to extend or preserve their right to redemption of the property.[24]

### The Equitable Servitude prevents the automatic stay from applying as to the Naples property or the Naples Litigation with the NBC Entities.

The Memorandum Opinion of Bankruptcy Judge Maria Ellena Chavez-Ruark includes, among other things, an equitable servitude on all matters pertaining to the Naples property and the Naples Litigation between Mr. Myers, Ms. Kelly, and NBC Entities:

> ORDERED, that pursuant to Section 362(d)(l) of the Bankruptcy Code, the automatic stay is modified for cause to the extent necessary to permit the NBC Entities to fully and finally pursue their legal rights to dispose of all of the matters arising from or relating to the Naples Litigation and to liquidate the NBC Entities' claim for costs awarded against Ms. Kelly and Mr. Myers in connection with the Naples Litigation; and it is further
>
> ORDERED, that pursuant to Section 105(a) of the Bankruptcy Code, the automatic stay imposed by Section 362(a) of the Bankruptcy Code shall not apply to the Naples Litigation in any bankruptcy case filed in any jurisdiction of the United States by Ms. Kelly effective immediately upon entry of this Order . . . ; and it is further
>
> ORDERED, that pursuant to section 105(a) of the Bankruptcy Code, an equitable servitude is imposed effective immediately

---

[24] *In re Catalano,* 510 B.R. 654, 659 (Bankr. M.D. Fla. 2014) ("Although the Debtor timely objected to the foreclosure sale, the Objection to Sale does not serve to extend or to preserve his right of redemption. Objections may be made to the regularity of the sale or the amount of the deficiency, but, after the filing of the certificate of sale, the mortgagor no longer has the ability to redeem the property. Any objection to the sale does not affect or cloud the title of the purchaser in any manner." (citing *In re Jaar,* 186 B.R. 148, 153–54 (Bankr. M.D. Fla. 1995))).

> upon entry of this Order . . . with respect to any and all real property in which Ms. Kelly has an ownership and/or possessory interest including, but not limited to [several properties including the Naples property] . . . (collectively, the "Kelly Properties"); and it is further
>
> ORDERED, that pursuant to Section 105(a) of the Bankruptcy Code, the automatic stay imposed by Section 362(a) of the Bankruptcy Code shall not apply to any of the Kelly Properties in any bankruptcy case filed in any jurisdiction of the United States by any individual and/or entity asserting an interest in any of the Kelly Properties effective immediately upon entry of this Order and continuing for a period of four years after the date that this Order becomes final and nonappealable (i.e., the date that is four years after the date that any appeals related to this Order are finally resolved)[.][25]

This Court gives full faith and credit to this ruling of the Maryland Bankruptcy Court. For that reason, no automatic stay is applicable to the Naples Litigation, the Naples property, or any of the other properties enumerated in the Maryland Bankruptcy Court's ruling many, if not all, of which 700 Trust lists among its assets.[26]

---

[25] *In re Kelly*, 656 B.R. 541, 611 (Bankr. D. Md. 2023). Ms. Kelly appealed this ruling, and her appeal remains pending. *Kelly v. Naples Property Holding Company, LLC*, Case No. 8:24-cv-00184-DLB (D. Md. July 3, 2024). But because no stay of the ruling is in effect, the injunction remains in full force and effect. *See* Fed. R. Bankr. P. 8007.

[26] The fact that 700 Trust was not a party to the case in which the Maryland Bankruptcy Court entered the injunction and equitable servitude is not relevant. The Maryland Bankruptcy Court's ruling applies to any property in which Ms. Kelly has an ownership or possessory interest, and to "any of the Kelly properties in any bankruptcy case filed in any jurisdiction of the United States *by any individual and/or entity asserting an interest in any of the Kelly properties . . . .*" *In re Kelly*, 656 B.R. at 611 (emphasis added).

11

> As Judge Chavez-Ruark ruled:
>
> The equitable servitude means that Ms. Kelly and any individuals and/or entities with an interest in any of the Kelly Properties will be precluded from taking advantage of the automatic stay of Section 362(a) in any bankruptcy case filed between now and four years after the order imposing the equitable servitude becomes final and nonappealable.[27]

That language clearly encompasses 700 Trust and the instant bankruptcy case.

### 700 Trust must move for relief from the prospective stay relief granted by the Maryland Bankruptcy Court.

Prospective stay relief under 11 U.S.C. § 362(d)(4), added to the Bankruptcy Code by Bankruptcy Abuse Prevention and Consumer Protection Act in 2005, was "intended to reduce abusive" bankruptcy filings.[28] Two (2) sections of the Bankruptcy Code provide that once a bankruptcy court has granted prospective stay relief, as has the Maryland Bankruptcy Court, a debtor in a subsequent case under the Code must move for relief from the prospective stay relief order entered in the prior case and is only entitled to relief "based upon changed

---

[27] *Id.* at 610.
[28] *See In re Muhaimin,* 343 B.R. 159, 166 (Bankr. D. Md. 2006) (citing H.R. Rep. 109–31(I) at 69 (2005), U.S.Code Cong. & Admin.News 2005, pp. 88, 138). *See also In re Merlo,* 646 B.R. 389, 394 (Bankr. E.D.N.Y. 2022) ("Congress added §362(d)(4) to the Bankruptcy Code to reduce the number of abusive filings.").

circumstances or for other good cause shown . . . ."[29] Prospective stay relief runs with the land (and in this case the accompanying litigation). Even if the land and its appurtenances are transferred to another, the prospective stay relief remains in place. The debtor in a subsequent case that claims ownership of the property, here, 700 Trust, must move for relief from the order that imposed the prospective stay relief:

> [F]uture debtors seeking the protection of the automatic stay with respect to property subject to an *in rem* order can, once the case is filed, come before the Court and demonstrate why they are entitled to the automatic stay. In effect, the *in rem* order places the burden on these debtors to obtain relief from the *in rem* order, as opposed to placing the burden on the secured creditor to obtain relief from the automatic stay.
>
>     Any debtor claiming an interest in the subject property may seek to have the stay imposed as to that property. Such debtor needs to establish a change in circumstances or that there is good cause to have the stay imposed. The effect of this provision is to ship the burden onto any subsequent debtor to come forward with evidence warranting imposition of the automatic stay. As a result, any further filings on the eve of a scheduled foreclosure sale will have no effect with respect to the property unless the debtor is successful in establishing good cause.
>         . . . .
> This acts as a safety valve to permit the proverbial honest but unfortunate debtor to obtain the full relief of the automatic stay notwithstanding the entry of [a prospective stay relief order.] When applied correctly, the comprehensive nature of

---

[29] 11 U.S.C. § 362(b)(20) and § 362(b)(4)(B).

§ 362(d)(4) should act to circumvent abuses of the bankruptcy system while giving a *deserving* debtor a fresh start.[30]

The Maryland Bankruptcy Court meant its grant of prospective stay relief to the NBC Entities and Buyer precisely as Congress intended: "to prevent further abuse of the bankruptcy process" and to "protect the integrity of the [bankruptcy court] and the bankruptcy process."[31] 700 Trust has not moved for relief from the prospective stay relief granted by the Maryland Bankruptcy Court, so the automatic stay did not go into effect as to the Naples property or Naples Litigation when 700 Trust filed this case. It is improper and disingenuous for 700 Trust, Mr. Myers, Ms. Kelly, and their attorney to represent otherwise, which they have now done in other courts.

### Sanctions under Section 105(a) of the Code, or Rule 9011, or both.

Just prior to the hearing, 700 Trust moved to strike the Motion on the grounds that it seeks more than one type of relief, not in the alternative.[32] At the beginning of the hearing the Court granted the Motion to Strike, in part, without prejudice as to the NBC Entities and Buyers' requests for dismissal of this case and sanctions. The Court

---

[30] *In re Merlo,* 646 B.R. at 396–97.
[31] *In re Kelly*, 656 B.R. at 611.
[32] Motion to Strike, ECF No. 64.

14

proceeded to consider only on that portion of the Motion seeking an order confirming the absence of the automatic stay as to the Naples property and Naples Litigation.

In light of the history of this case and those that preceded it, the Court deems it appropriate to put Mr. Myers, Ms. Kelly, and attorney Gort on notice (or remind them, as the case may be) that sanctions may be imposed against one or more of them for filings in this case and in others.

Fed. R. Bankr. P. 9011 provides, in pertinent part:

> **(b) Representations to the Court.** By presenting to the court . . . a petition, pleading, written motion, or other paper, an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, —
>     (1) it is not being resented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>     (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>     (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .[33]

---

[33] Fed. R. Bankr. P. 9011(b).

The Court reserves jurisdiction to consider and determine sanctions pursuant to 11 U.S.C. § 105(a) and Rule 9011 under a separate motion. This reservation of jurisdiction shall apply whether or not the Court dismisses this case or transfers this case to the Bankruptcy Court for the Middle District of Florida.

### Notice that parties connected to 700 Trust may be designated "vexatious litigants."

Mr. Myers and Ms. Kelly are hereby put on notice that the Court reserves jurisdiction to consider whether they should be deemed "vexatious litigants," possibly subject to an additional sanction in the form of a bar against future filings in this and other courts.[34]

For the reasons stated, it is

ORDERED:

1. The *Interested Parties' Exigent Motion to Confirm Automatic Stay Does Not Apply to Certain Pending Matters, to Dismiss This Case for Violating Existing Filing Injunctions, and for Sanctions Against the Beneficiaries of the Debtor and Counsel* ("Motion," ECF No. 53) is GRANTED, in part, as set forth below.

---

[34] *See, e.g., In re Nyamusevya,* 654 B.R. 581 (Bankr. S.D. Ohio 2023); *In re United States Corp. Co.,* Case No. 20-40375-KKS, 2021 WL 1100078 (Bankr. N.D. Fla. Jan. 22, 2021).

16

2. This Court gives full faith and credit to the prospective stay relief and equitable servitude imposed by the U.S. Bankruptcy Court for the District of Maryland: *In re Kelly*, 656 B.R. 541, 611 (Bankr. D. Md. 2023).

3. The automatic stay imposed by 11 U.S.C. § 362(a) upon the filing of the Petition in the instant case DOES NOT APPLY to the Naples property (700 Gulf Shore Boulevard North, Naples, Florida), or the Naples Litigation (pending litigation in state and federal courts arising from and related to the Naples property).[35]

4. "The equitable servitude means that Ms. Kelly and any individuals and/or entities with an interest in any of the Kelly Properties [including 700 Trust] will be precluded from taking advantage of the automatic stay of Section 362(a) in any bankruptcy case filed between now and four years after the order imposing the equitable servitude becomes final and nonappealable."[36]

---

[35] As those terms are defined in the Motion and in *In re Kelly*, 656 B.R. 541, 611 (Bankr. D. Md. 2023).

[36] *Id.* at 610.

5. **NOTICE TO JUDGES AND CLERKS OF COURT: THE AUTOMATIC STAY OF 11 U.S.C. § 362(a) DOES NOT APPLY WITH REGARD TO THE BELOW-LISTED ACTIONS:**

    a. *Myers v. Naples Golf and Beach Club*, No. 1:24-cv-03127 (D.C. Cir. 2024);

    b. *U.S. Bank Nat'l Assoc. v. Kelly et al.*, No. 11-02009-CA-010813 (Fla. 20th Cir. Ct. 2009);

    c. *U.S. Bank Nat'l Assoc. v. Kelly*, No. 8:24-cv-03082-PC (D. Md. 2024);

    d. *U.S. Bank Nat'l Assoc. v. Kelly*, No. 2:24-cv-01086 (M.D. Fla. 2024); and

    e. *Myers v. U.S. Bank Nat'l Assoc. and Deluca Law* Group, No. 2:24-cv-00370-JES-KCD (M.D. Fla. 2024).

6. The requests for sanctions in the Motion are DENIED, without prejudice as set forth herein.

7. The request to dismiss this case is DENIED, without prejudice.

8. The Court reserves jurisdiction for itself and any other court to which this case may be reassigned, as set forth herein.

DONE and ORDERED on __December 27, 2024__.

_[signature]_

KAREN K. SPECIE
Chief U.S. Bankruptcy Judge

cc: Attorney Drew M. Dillworth is directed to serve a copy of this Order on interested parties and file a certificate of service within 3 business days of entry of the Order.